# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:11-cv-40-RJC

| | |
|---|---|
| RANDOLPH HARRIS AUSTIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the court on the following motions:

(1) Respondent's Motion for Extension of Time to Respond (Doc. No. 7);

(2) Respondent's second Motion for Extension of Time to Respond (Doc. No. 8);

(3) Petitioner's Motion to Strike Response in Opposition (Doc. No. 11);

(4) Petitioner's Motion to Appoint Expert/Forensic Chemist (Doc. No. 15); and

(5) Petitioner's Motion to Amend (Doc. No. 16).

The Court has considered Respondent's motions for extension of time to respond, (Doc. Nos. 7; 8) and finds good cause for the proposed relief in each motion. Respondent's Response, (Doc. No. 9) and Motion for Summary Judgment, (Doc. No. 10), will be deemed timely filed, nunc pro tunc. It appearing that Respondent's Response and Motion for Summary Judgment are timely, Petitioner's Motion to Strike Response in Opposition, (Doc. No. 11), will be denied.

The Court has considered Petitioner's Motion to Appoint Expert/Forensic Chemist, (Doc. No. 15). In reviewing such motion, the Court has considered the allegations of the petition, Respondent's Response, and Petitioner's Response to the Motion for Summary Judgment. Based on such review, the Court determines that appointment of a chemist or a forensic expert is not necessary for Petitioner's prosecution of his petition or the Court's resolution of the issues Petitioner has raised. Such motion will be denied.

Finally, the Court has considered Petitioner's Motion to Amend, (Doc. No. 16). In such

motion, Petitioner asks the Court for leave under Rule 15(a), FED. R. CIV. P., to "Amend by ruling favorably that Simmons error exists, as relief would comport with the demands of justice." Motion to Amend, (Doc. No. 16, at 3). Review of the petition as well as the Respondent's Response reveals that Petitioner has already raised the career offender issue in his Petition. Respondent has designated such contention as "Ground A.11, alleging ineffective assistance by Mr. Gronquist in [not] objecting to the career offender classification." (Doc. No. 9 at 48). This motion will be denied, but the substance of such request will be considered as additional argument in support of Ground A.11 by Petitioner.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Extension of Time to Respond, (Doc. No. 7), is **GRANTED**;

2. Respondent's second Motion for Extension of Time to Respond, (Doc. No. 8), is **GRANTED,** and Respondent's Response and Motion for Summary Judgment are **DEEMED** timely filed, nunc pro tunc;

3. Petitioner's Motion to Strike Response in Opposition, (Doc. No. 11), is **DENIED**;

4. Petitioner's Motion to Appoint Expert/Forensic Chemist, (Doc. No. 15), is **DENIED**; and

5. Petitioner's Motion to Amend, (Doc. No. 16), is **DENIED**; however, the contents of such motion will be considered additional argument in support of Ground A.11. The Respondent is **GRANTED** leave to file any response to such additional argument within 14 days. Petitioner may file a Reply within seven days of any such response, and Petitioner is directed to this Court's Roseboro Order, (Doc. No. 13), dated January 11, 2012, for advice in formulating any such Reply.

Signed: March 2, 2012

Robert J. Conrad, Jr.
Chief United States District Judge