**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-40-RJC
(3:05-cr-213-RJC-DCK-1)**

| | | |
|---|---|---|
| **RANDOLPH HARRIS AUSTIN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e), (Doc. No. 40). Petitioner asks the Court to reconsider its Order granting in part and denying in part his Motion to Vacate filed pursuant to 28 U.S.C. § 2255, (Doc. No. 37).

A jury found Petitioner guilty of: Count (1), conspiracy to possess with intent to distribute fifty grams or more of cocaine; and Count (2), attempt to possess with intent to distribute cocaine, in the underlying criminal case. (3:05-cr-213, Doc. No. 117). The Court sentenced him as a career offender to life imprisonment on Count (1) and 360 months on Count (2), concurrent. (3:05-cr-213, Doc. No. 162). The Fourth Circuit Court of Appeals affirmed. United States v. Austin, 347 Fed. Appx. 945, 946-47 (4th Cir. 2009).

In 2011, Petitioner timely filed a § 2255 Motion to Vacate in the instant case arguing that counsel was ineffective and that he was improperly sentenced based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because he did not have the requisite qualifying prior convictions to

1

trigger a mandatory life sentence or the career offender designation. The Court granted relief on the Simmons claim and denied his other claims. Austin v. United States, 2014 WL 1315978 (W.D.N.C. March 31, 2014).

On resentencing, the Court found that Petitioner did not qualify for enhanced sentencing pursuant to § 851 or as a career offender, and sustained his objection to the criminal history calculation. It calculated a revised guideline range and issued an Amended Judgment docketed on June 2, 2014, that reduced the sentence to 132 months' imprisonment for each count, concurrent, followed by four years of supervised release. (3:05-cr-213, Doc. No. 206). Counsel filed a memorandum brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Petitioner did not file a *pro se* supplemental brief. The Fourth Circuit concluded that there were no meritorious issues for appeal and affirmed on January 6, 2015. United States v. Austin, 595 Fed. Appx. 226 (4th Cir. 2015).

On May 6, 2016, the court issued an arrest warrant due to Petitioner's violation of the conditions of his supervised release, which included11-cv-40 conduct at issue in case number 3:16-cr-277. (3:05-cr-213, Doc. No. 223). Petitioner was scheduled for a supervised release violation hearing on October 17, 2017, but it has been continued on Petitioner's motion, for a date to be announced. (3:05-cr-213, Doc. No. 241).

Petitioner filed the instant Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) on April 27, 2014. (Doc. No. 40). He seeks reconsideration of his § 2255 claims that counsel was ineffective and labored under a conflict of interest at the plea stage pursuant to Lafler v. Cooper, 566 U.S. 156 (2012), and arguing that the attack on his career offender designation pursuant to Simmons, is timely based on United States v. Whiteside, 775 F.3d 180 (4th Cir. 2014).

A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry

2

of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

Petitioner timely filed the instant Motion 27 days after the Court issued its § 2255 Order. However, he has failed to demonstrate any basis for relief. With regards to his ineffective assistance of counsel claim, he has failed to present any arguments that could not have been presented earlier. Lafler, upon which he relies, is not an intervening change of law. That case was issued on March 21, 2012, more than two years before the Court issued its § 2255 Order on March 31, 2014. Moreover, his attempt to revive his career offender sentencing claim is moot because the Court resentenced him without a career offender enhancement.

Petitioner has failed to show the existence of the limited circumstances under which a Rule 59(e) motion may be granted.

**IT IS, THEREFORE, ORDERED** that:

(1)    Petitioner's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e), (Doc. No. 40), is **DENIED**.

Signed: February 21, 2018

Robert J. Conrad, Jr.
United States District Judge